# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

PETE A. THOMPSON,                              Case No. 22-CV-0445 (PJS/JFD)

               Plaintiff,

v.                                                                          **REPORT AND**
                                                                         **RECOMMENDATION**
MINNESOTA DEPARTMENT OF
CORRECTION'S ST. CLOUD LEGAL
MAIL,

               Defendant.

---

Plaintiff Pete A. Thompson has filed (1) a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Dkt. No. 1) and (2) an Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2 ("IFP Application")). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends dismissing this action without prejudice and directing the Clerk of Court to reimburse Mr. Thompson $52.00.

## I.    BACKGROUND

The Court received the Complaint and the IFP Application on February 16, 2022. (*See* Compl. 1; IFP Appl. 1.[1]) Mr. Thompson is presently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota ("MCF-Rush City"), but was previously at

---

[1] Citations to materials in this action's docket use the page numbers provided by the Court's CM/ECF filing system.

the Minnesota Correctional Facility in St. Cloud, Minnesota ("MCF-St. Cloud"). (*See* Compl. 3–4.) The Complaint names one defendant: the "Minnesota Department of Correction's St. Cloud Legal Mail," which the Court construes as an attempt to sue the MCF-St. Cloud mailroom. (*Id.* at 1.)

The Complaint provides one paragraph of substantive allegations. (*See id.* at 4.) Mr. Thompson contends that, on at least one occasion, he "received [his] legal mail already opened with a staple closing it." (*Id.*) Mr. Thompson alleges that he has "tried to get names, policies and procedures for opening legal mail," but says that "[i]nstead [he] got placed on Administration Segregation" and was "shipped out"—presumably meaning to MCF-Rush City. (*Id.*) For relief, he requests $150,000.00 "for emotional distress." (*Id.* at 5.)

On February 17, 2022, the Court issued an Order indicating that, while Mr. Thompson sought to proceed *in forma pauperis* ("IFP") in this action, he had not complied with Title 28 U.S.C. § 1915(a)(2), because he had not "provided a certified copy of any trust-fund-account statement (or institutional equivalent)." (*See* Order 2, Dkt. No. 3.) The Court therefore ordered him to either provide that statement or pay this action's filing fee within 21 days. Mr. Thompson was warned that, if he failed to do so, the Court would recommend dismissing this action for failure to prosecute. (*See id.*) As of April 15, 2022, Mr. Thompson has submitted payments totaling $402.00. (*See* Docket.)

## II.    ANALYSIS

### A.    Federal Subject-Matter Jurisdiction

Subject-matter jurisdiction is a threshold requirement for federal court litigation; where it is lacking, a federal court cannot proceed with an action. *See, e.g., Sinochem Int'l*

*Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)). Furthermore, it is a plaintiff's burden to show that subject-matter jurisdiction exists. *See, e.g.*, *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Under Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief"—such as the Complaint—"must contain . . . a short and plain statement of the grounds for the court's jurisdiction" (Fed. R. Civ. P. 8(a)(1)), while under Rule 12 "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" (Fed. R. Civ. P. 12(h)(3)). The Court concludes that here, jurisdiction is lacking.

### B.    Complaint

Mr. Thompson purports to sue the MCF-St. Cloud mailroom, but this does not appear to be a cognizable entity that one can sue. *See, e.g.*, *Sufka v. Health Servs. Dep't of Corr.*, No. 08-CV-0338 (MJD/SRN), 2008 WL 2986252, at *3 (D. Minn. July 31, 2008) (making a similar point in a case naming "Health Services Department of Corrections" as a defendant); *McDonald v. Blake*, No. 4:07-CV-215 (FRB), 2007 WL 1101221, at *2 (E.D. Mo. Apr. 5, 2007) (making a similar point in a case naming "Missouri Sexual Offender Treatment Center" as a defendant).

The Court, of course, is obliged to construe *pro se* filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Olsen as Tr. for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) (quoting *Erickson*), *reh'g denied*, No. 20-2771, 2022 WL 780571 (8th Cir. Mar. 15, 2022).

The cognizable legal entity most closely related to the MCF-St. Cloud mailroom is likely the Minnesota Department of Corrections ("MDOC"), the Minnesota state agency charged with (among other things) running MCF-St. Cloud. The Court will therefore assume that Mr. Thompson means to bring claims against the MDOC.

Because the MDOC is a state agency, however, Mr. Thompson's suit (under this construction) poses a question of state sovereign immunity. Under the U.S. Constitution's Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. Notwithstanding the phrase "another State" here, caselaw establishes that unconsenting States are immune from federal-court suits brought by their own citizens, not just citizens from other states. *See, e.g.*, *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Minn. Voters All. v. Walz*, 492 F.Supp. 3d 822, 832 (D. Minn. 2020) (quoting *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)), *appeal dismissed*, No. 20-3072, 2020 WL 9211131 (8th Cir. Nov. 9, 2020).

This is an issue of federal subject-matter jurisdiction: under the Eleventh Amendment, federal courts generally lack subject-matter jurisdiction over claims against an unconsenting state. *See, e.g.*, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *Bethune v. Minnesota*, No. 21-CV-2673 (PJS/ECW), 2021 WL 5964540, at *1 (D. Minn. Dec. 16, 2021) (citing cases).[2]

---

[2] As the text's use of "generally" suggests, certain exceptions exist here. Federal courts can have jurisdiction over a state if the state has waived its sovereign immunity, or if Congress

And this jurisdictional limit is not limited to claims against states; it extends to claims against state agencies as well. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (citing cases); *Rogan v. Minneapolis Dep't of Corr. Facility*, No. 19-CV-1880 (PJS/LIB), 2020 WL 3052561, at *5 (D. Minn. May 6, 2020) (citing cases), *R. & R. adopted*, 2020 WL 3047646 (D. Minn. June 8, 2020).

The conclusion of this analysis is that this Court lacks jurisdiction over Mr. Thompson's claims against the MDOC, barring some showing that Minnesota has consented to such suits. As the discussion in Section II.A shows, it is Mr. Thompson's burden to make this showing. Nothing in the Complaint points to any sort of consent by the State of Minnesota for suits of this sort. Mr. Thompson thus has failed to show that this Court has subject-matter jurisdiction over the Complaint. The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction.

Dismissal without prejudice means that, if he wishes to, Mr. Thompson may file another complaint alleging these same facts and claiming that these same Defendants violated his constitutional rights. However, Mr. Thompson should remember that immunity or qualified immunity may bar some § 1983 claims based on whether he brings

---

has abrogated unequivocally a state's immunity pursuant to valid powers. *See, e.g.*, *Sossamon*, 563 U.S. at 284–85, 291–92. On the latter point, for instance, Congress has specifically eliminated states' Eleventh Amendment immunity for claims under certain federal statutes. *See* 42 U.S.C. § 2000d-7(1). But § 1983 is not among those statutes. *See id.*; *see also, e.g.*, *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979) ("[C]learly Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become [§] 1983."); *Mulla v. Univ. of Minn.*, No. 20-CV-931 (SRN/LIB), 2021 WL 603774, at *13 (D. Minn. Feb. 16, 2021) (citing *Burk*), *aff'd*, No. 21-1693, 2022 WL 570099 (8th Cir. Feb. 25, 2022).

individual- or official-capacity claims, and that plaintiffs should plead all the elements of a cause of action, state a claim for which the Court can grant relief, and follow the Federal Rules of Civil Procedure and the Local Rules of this District. This District offers general guidance for filing *pro se* civil lawsuits at https://www.mnd.uscourts.gov/prisoner-resources, which includes a link to Information Sheet No. 1D: How to Start a Prisoner Civil Rights Case.

### C. IFP Application

This leaves the IFP Application and Mr. Thompson's earlier payments. Based on the information provided in his IFP Application, Mr. Thompson qualifies for IFP status. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who qualifies for IFP status is only liable for the $350.00 statutory filing fee, not the full $402.00 filing fee including certain administrative fees. *See* 28 U.S.C. § 1915. Mr. Thompson has nevertheless paid $402.00. As a result, while Mr. Thompson cannot be reimbursed his full filing fee if this case is dismissed, *see* 28 U.S.C. § 1915(b)(1), the Court recommends that the Clerk of Court return $52.00 to him, as his obligation to the Court is $350.00, not $402.00.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be dismissed without prejudice for lack of jurisdiction; and

    2.    The Clerk of Court be directed to repay Mr. Thompson $52.00.


Dated: May 27, 2022                        ___s/ John F. Docherty_____
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).