UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PETE A. THOMPSON, | Case No. 22-CV-0445 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| MINNESOTA DEPARTMENT OF CORRECTION'S ST. CLOUD LEGAL MAIL, | |
| Defendant. | |

Pete A. Thompson, pro se.

Plaintiff Pete Thompson is a Minnesota state prisoner. In this action, Thompson seeks $150,000 in damages for emotional distress stemming from the alleged opening of his legal mail by the Minnesota Department of Corrections ("MDOC") and alleged retaliation by MDOC following Thompson's inquiries about the opening of his legal mail. ECF No. 1 at 4–5. In accordance with 28 U.S.C. § 1915A, Magistrate Judge John F. Docherty reviewed Thompson's complaint. In a Report and Recommendation ("R&R") filed on May 27, 2022, Judge Docherty recommended Thompson's complaint be dismissed without prejudice because the Eleventh Amendment deprives the Court of jurisdiction over Thompson's claims. ECF No. 7 at 4–5.

This matter is before the Court on Thompson's timely objection to the R&R. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Based on that review, the Court now overrules Thompson's objection and adopts the R&R.  Only one issue merits comment:

Thompson contends that Minnesota has consented to suit in federal court by virtue of the Minnesota Tort Claims Act, Minn. Stat. § 3.736.  ECF No. 10 at 1.  Thompson is mistaken.  A state "is deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction."  *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 969 (8th Cir. 2000) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239–40 (1985)).  Moreover, a state's "general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity . . . [because] the state must specify an intent to subject itself to *federal court jurisdiction*."  *Id.* (quoting *Santee Sioux Tribe of Neb. v. Nebraska*, 121 F.3d 427, 431 (8th Cir. 1997)).  Nowhere in the Minnesota Tort Claims Act does the State of Minnesota "specify an intent to subject itself to *federal court jurisdiction*."  *Id.*; *see also Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1391–93 (D. Minn. 1996).  Hence, this Court does not have subject-matter jurisdiction over Thompson's claim.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's objection [ECF No. 10] is OVERRULED.

2. The R&R [ECF No. 7] is ADOPTED.

3. The complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

4. The Clerk of Court is DIRECTED to reimburse plaintiff $52.00.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 17, 2022

                                             Patrick J. Schiltz
                                             United States District Judge